JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

REBECCA DOMINGUEZ

**DEFENDANTS**

METRO BEAUTY ACADEMY, LLC

**(b)** County of Residence of First Listed Plaintiff    Lehigh
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Lehigh
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mary Kramer; Murphy Law Group, LLC; Eight Penn Center, Suite 2000, 1628 John F. Kennedy Blvd., Philadelphia. PA 19103: 267-273-1054

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | |
| | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 2000gg, et seq.; 42 U.S.C. § 2000e, et seq., as amended by 42 U.S.C. § 2000e(k), et seq.

Brief description of cause:
PREGNANCY DISCRIMINATION AND RETALIATION

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE    Aug 7, 2026

SIGNATURE OF ATTORNEY OF RECORD    /s/ Mary Kramer

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: 4977 Medical Center Circle, Allentown, PA 18106 _____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? Yes ☐
If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☒ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---------------------------------------------------------

REBECCA DOMINGUEZ             :
314 E. 12th Street                 :
Northampton, PA 18068       :       Civil Action No.: _____
                                        :
            Plaintiff,     :       **JURY TRIAL DEMANDED**
                                        :
        v.                      :
                                        :
METRO BEAUTY ACADEMY, LLC    :
4977 Medical Center Circle        :
Allentown, PA 18106           :
                                        :
           Defendant.    :

---------------------------------------------------------

## COMPLAINT – CIVIL ACTION

Plaintiff, Rebecca Dominguez ("Plaintiff"), by and through her undersigned attorney, for her Complaint against Defendant, Metro Beauty Academy, LLC ("Defendant"), alleges as follows:

## INTRODUCTION

1. Plaintiff initiates this action contending Defendant has violated her rights protected by the Pregnant Workers Fairness Act ("PWFA"), 42 U.S.C. § 2000gg, *et seq.*; and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, as amended by the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e(k), *et seq.*,[1] by discriminating against Plaintiff because of her pregnancy and pregnancy-related medical issues as well as terminating her from employment on the basis of her pregnancy, sex, and pregnancy-related medical issues, and in retaliation for her complaints in connection thereto.

## PARTIES

---

[1] Plaintiff intends to amend this Complaint to add a claim under the Pennsylvania Human Relations Act ("PHRA") when it ripens.

2.       Plaintiff, Rebecca Dominguez, is a citizen of the United States and Pennsylvania and currently maintains a residence at 314 E. 12th Street, Northampton, PA 18068.

3.       Upon information and belief, Defendant, Metro Beauty Academy, LLC, is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 4977 Medical Center Circle, Allentown, PA 18106.

## JURISDICTION AND VENUE

4.       The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

5.       On or about July 1, 2026, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual-filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. §§ 2000e5(b) and (e), and 43 P.S. § 959(a). Plaintiff's EEOC charge was docketed as EEOC Charge No. 530-2026-02474. Plaintiff's EEOC charge was filed within one-hundred and eighty (180) days of the unlawful employment practice.

6.       By correspondence dated July 20, 2026, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising her that she had ninety (90) days to file suit against Defendant.

7.       Plaintiff filed the instant action within the statutory time frame applicable to her claims.

8.       Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

9.       This action is authorized and initiated pursuant to the Pregnant Workers Fairness Act ("PWFA"), 42 U.S.C. § 2000gg, *et seq.*; and Title VII of the Civil Rights Act of 1964, 42

U.S.C. § 2000e, *et seq.*, as amended by the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e(k), *et seq.*

10.    This Court has original jurisdiction over Plaintiff's Title VII and PWFA claims, pursuant to 28 U.S.C. §§ 1331 and 1343, as these are civil rights actions arising under the laws of the United States.

11.    The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims arise out of the same nucleus of operative fact as the Title VII and PWFA claims.

12.    The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the Defendant resides in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## FACTUAL BACKGROUND

13.    The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

14.    Plaintiff began her employment with Defendant on or about September 1, 2025, in the position of Academy Accountant.

15.    By way of background, Plaintiff became pregnant in or around January 2026.

16.    When Plaintiff learned of her pregnancy, Plaintiff told Defendant's Direct Manager, Anthony Marasa ("Mr. Marasa").

17.    Rather than talk to Plaintiff about the possibility of maternity leave or pregnancy accommodations, Mr. Marasa told everyone within Defendant that Plaintiff was pregnant.

18. A week after Plaintiff shared her pregnancy news with Mr. Marasa, Plaintiff was subjected to discriminatory comments by Mr. Marasa, and Defendant's Owner, Chad Schneider ("Mr. Schneider").

19. For example, Plaintiff was told that ever since she became pregnant, her performance went down.

20. Plaintiff was never before informed by Mr. Marasa or Mr. Schneider that her performance was not up to expectation prior to disclosing her pregnancy.

21. Both Mr. Marasa and Mr. Schneider would both make comments about Plaintiff's pregnancy, such as "this has obviously affected you" and "this isn't very ethical."

22. It was obvious Mr. Marasa and Mr. Schneider were referring to Plaintiff's pregnancy, because they gestured at Plaintiff's body with their hands/fingers when they made these comments.

23. About three weeks later, on or about January 21, 2026, Plaintiff experienced a miscarriage.

24. Plaintiff was approved to take the day off following her miscarriage.

25. Plaintiff's request for the day off was a reasonable accommodation related to a pregnancy-related medical condition under the PWFA.

26. Plaintiff returned to work the next day, on or about January 22, 2026, but the following day, on or about January 23, 2026, Plaintiff left for vacation that was previously approved.

27. Plaintiff returned from her vacation on or about February 2, 2026.

28. After vacation, Plaintiff returned to work and discovered that Defendant had searched her office.

29.     Plaintiff asked Mr. Schneider what happened.

30.     Mr. Schneider said they wanted to see what was in Plaintiff's office, and they wanted to see how Plaintiff was doing.

31.     Mr. Schneider then said they searched Plaintiff's office because they did not trust Plaintiff because she became pregnant and miscarried.

32.     Employees who had not been pregnant and suffered miscarriages did not have their offices searched by Defendant because Defendant found them to be "untrustworthy."

33.     During Plaintiff's lunch hour, Plaintiff stepped out to compose herself.

34.     Around this time, Plaintiff received a text message from Mr. Marasa asking Plaintiff if she was going to return.

35.     Plaintiff replied yes, that she just needed time to process what Mr. Schneider had said to her.

36.     That same day, within a few hours of Plaintiff confirming that she would be returning to work, Defendant terminated Plaintiff's employment, claiming Plaintiff abandoned her job.

37.     Plaintiff never abandoned her job.

38.     Plaintiff was terminated from her job by Defendant.

39.     It is believed, and therefore averred, that Defendant unlawfully discriminated against Plaintiff because of her pregnancy, sex, and pregnancy-related medical issues, in violation of the PWFA, and Title VII, as amended by the PDA.

40.     It is further believed, and therefore averred, that Defendant terminated Plaintiff's employment because of her pregnancy, sex, and pregnancy-related medical issues, and in

retaliation for her request(s) for accommodations in connection thereto, in violation of the PWFA, and Title VII, as amended by the PDA.

41.    As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, loss of potential benefits, and other economic damages.

**COUNT I**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**AS AMENDED BY THE PREGNANCY DISCRIMINATION ACT**
**42 U.S.C. § 2000e,** *et seq.*
**<u>PREGNANCY DISCRIMINATION AND RETALIATION</u>**

42.    The preceding paragraphs are hereby incorporated by reference as thought the same were fully set forth herein.

43.    Upon information and belief, Defendant employed over fifteen (15) employees at all times relevant hereto.

44.    At all times relevant hereto, Plaintiff was pregnant and, as such, was a member of a class protected under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k), *et seq.*, from unlawful discrimination because of pregnancy.

45.    Defendant became aware of Plaintiff's pregnancy in or around January 2026.

46.    During the course of Plaintiff's employment with Defendant, she satisfactorily performed the duties required by her position.

47.    At the time of her termination, Plaintiff was qualified to perform the duties required by her position.

48.    After Plaintiff disclosed her pregnancy, Defendant engaged in discriminatory behavior toward Plaintiff on the basis of her pregnancy.

49.     Defendant subjected Plaintiff to retaliation because she requested accommodations in connection with her pregnancy, in violation of Title VII, as amended by the PDA.

50.     Ultimately, Defendant took tangible employment action against Plaintiff in the form of terminating Plaintiff's employment because of Plaintiff's pregnancy, in violation of Title VII, as amended by the PDA.

51.     The search of Plaintiff's office because Defendant found Plaintiff to be untrustworthy following her miscarriage suggest that there is a nexus between Plaintiff's pregnancy and/or miscarriage and her termination.

52.     Defendant acted with malice and reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

53.     Because of Defendant's deliberate, unlawful, wanton, and malicious actions as set forth above, Plaintiff suffered damages in the form of loss of past and future wages and compensation, mental and emotional damages, damage to reputation, and personal humiliation, and loss of life's enjoyment.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A.     Back wages and front pay, in an amount to be determined at trial;

B.     Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.     Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D.      Pre-judgment interest in an appropriate amount; and

E.      Such other and further relief as is just and equitable under the circumstances.

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of caps on certain damages as set forth by applicable law.

**COUNT II**
**PREGNANT WORKERS FAIRNESS ACT**
**42 U.S.C. § 2000gg, *et seq.***
**DISCRIMINATION AND RETALIATION**

54.     The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

55.     At all times relevant hereto, Plaintiff was a qualified individual under the PWFA, 42 U.S.C. § 2000gg(6).

56.     At all times relevant hereto, Defendant had at least fifteen (15) employees.

57.     Defendant was aware of Plaintiff's pregnancy.

58.     Plaintiff requested a reasonable accommodation in connection with her pregnancy.

59.     Plaintiff would have been able to perform the essential functions of her job, with or without a reasonable accommodation.

60.     By reasons of the foregoing, Defendant, through their agents, officers, servants, and/or employees, has violated the PWFA by terminating Plaintiff for requesting and using a reasonable accommodation to the known limitations related to her pregnancy.

61.     As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress, damage to reputation, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.      Back wages, front pay, bonuses, and compensatory damages in an amount to be determined at trial;

B.      Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

C.      Pre-judgment interest in an appropriate amount; and

D.      Such other and further relief as is just and equitable under the circumstances; and,

E.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:     */s/ Mary Kramer*
         Mary Kramer, Esquire
         Eight Penn Center, Suite 2000
         1628 John F. Kennedy Blvd.
         Philadelphia, PA 19103
         TEL: 267-273-1054
         FAX: 215-525-0210
         mkramer@phillyemploymentlawyer.com
         *Attorneys for Plaintiff*

Dated: August 7, 2026

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical evidence and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.